IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Thomas, | ) | Case No. 6:24-cv-563-RMG |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Jeanette McBride, J. Newman, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 18) recommending that the Court dismiss Plaintiff's complaint without prejudice, without leave to amend, and without service of process. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint without prejudice, without leave to amend, and without service of process.

I.   **Background and Relevant Facts**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis*. Plaintiff brings claims under 42 U.S.C. § 1983. (Dkt. No. 18 at 1). Specifically:

> This is a § 1983 action filed by the plaintiff, a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and located at Broad River Correctional Institution ("Broad River") (doc. 1). The plaintiff alleges violations of his First and Fourteenth Amendment rights (*id.* at 4). The plaintiff contends that he tried to file an action in the Richland County Court of Common Pleas against SCDC, but Judge Newman denied his request to proceed in forma pauperis and Ms. McBride, the Richland County Clerk of Court, sent the motion and affidavit back to the plaintiff with the denial (*id.* at 6). The plaintiff contends that the defendants' actions denied him access to the courts (*id.*). The plaintiff's injuries include denial of access to the courts as well as anxiety and stress (*id.* at 7). For relief, the plaintiff seeks an order requiring the defendants to provide him access to the courts as well as money damages (*id.*).

(*Id.* at 1-2)

On March 20, 2023, the Magistrate Judge filed an R&R recommending that the Court dismiss Plaintiff's complaint without prejudice, without leave to amend, and without service of process.

Plaintiff did not file objections to the R&R.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d

310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

### III. Discussion

After a careful review of the record and the R&R in this matter, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed without prejudice and without service of process as it fails to state a claim for the reasons articulated in the R&R. (Dkt. No. 18 at 3-6) (noting, *inter alia*, that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and judicial immunity).

### IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 18) as the order of Court and **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND, AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Judge

June 12, 2024
Charleston, South Carolina